IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D'RAYFIELD KARY KHAME SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1713 (MN) |
| | ) |
| STATE OF DELAWARE and CITY OF WILMINGTON, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

D'Rayfield Kary Khame Shipman, New Castle, Delaware, Pro Se Plaintiff.

January 28, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

**I. INTRODUCTION**

Plaintiff D'Rayfield Kary Khame Shipman ("Plaintiff"), filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12132 and § 12182. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Plaintiff asserts jurisdiction by reason of federal questions, 28 U.S.C. § 1331. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II. BACKGROUND**

Plaintiff is a disabled individual. He has handicap placard and alleges that states from Florida to D.C. do not require placard holders to pay parking meters. (D.I. 2 at 4-5). Plaintiff states there are two places in Wilmington, Delaware, that provide free handicap parking. (*Id*. at 5). He complains, however, that the City of Wilmington has "blue" handicapped meters that require payment. (*Id*.).

Plaintiff wants the Court to order the State of Delaware to waive payment for individuals holding handicapped placards at all meters in the state. (*Id*.). Plaintiff has received parking citations for illegal parking, it seems for either not paying the meter or parking in a "no parking" zone. (D.I. 2 at 5; D.I. 2-1 at 4). He seeks compensatory damages and training for police officers. (D.I. 2 at 7).

**III. LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2)

1

(*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. **DISCUSSION**

Under Title II of the ADA, a public entity cannot deny any qualified disabled person the "benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132, *et seq*. Title III of the ADA provides that public accommodations cannot deprive persons of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" based on their disability. 42 U.S.C. § 12182(a), *et seq*.

Plaintiff's Complaint must demonstrate that he could plausibly show that he was excluded from, or deprived of, any benefits, goods or services as a result of his disability. Plaintiff, however, does not allege this. Plaintiff does not allege any defect that makes parking difficult or inadequate or that he is deprived of the ability to park his car. Rather, he complains that he is required to pay for metered parking even though he holds a handicap placard.

*Jones v. City of Monroe*, 341 F.3d 474 (6th Cir. 2003) provides guidance. In *Jones*, the plaintiff sought to compel the city to provide free parking in front of her workplace due to her disability. The Sixth Circuit rejected the claim, stating, "[s]he does not have a right to free downtown parking that allows her access to her destination of choice." *Id.* at 479. The court concluded that the plaintiff's rights were not violated because she had the same access to free one hour downtown parking in front of her work as did other persons. *Id.* at 478.

The City of Wilmington is not required to provide free metered parking, when it does not provide free metered parking to non-disabled members of the public. As pleaded, Plaintiff has the same parking options as other non-handicapped individuals. He can either park in free areas even though it may not be convenient, or he can park at a handicapped meter and pay for parking like

4

everyone else. *See e.g.*, *Means v. St. Joseph Cty Bd. of Comm'rs*, No. 3:10-CV-003 JD, 2011 WL 4452244 (Sept. 26, 2011).

The Complaint fails to state a cognizable claim. Therefore, it will be dismissed.

V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order will be entered.